## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **WILLIAM PERRY, individually and on** | **:** | |
| **behalf of all similarly situated current** | **:** | |
| **and retired members of the EAST** | **:** | |
| **GREENWICH FIRE DEPARTMENT,** | **:** | |
| | **:** | |
| **v.** | **:** | **C.A. No.** |
| | **:** | |
| **TOWN OF EAST GREENWICH, By and** | **:** | |
| **Through Its Finance Director,** | **:** | |
| **LINDA DYKEMAN.** | **:** | |

## COMPLAINT

1.      This action is brought by Plaintiff William Perry, a firefighter and dispatcher currently employed by the Town of East Greenwich ("Town"), on behalf of himself individually and on behalf of all affected current and former members of the East Greenwich Fire Department (hereinafter referred to collectively as "Plaintiffs").

2.      Plaintiffs bring this action for declaratory judgment, overtime pay, liquidated damages and other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et. seq. ("FLSA").

3.      Defendant's willful violations of the FLSA include intentionally failing and refusing to pay Plaintiff and other similarly situated employees all compensation due them under the FLSA and its implementing regulations.

## JURISDICTION

4.      Jurisdiction over this action is conferred on this court by 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337.

5.      Declaratory Relief is authorized under 28 U.S.C. §§2201 and 2202.

6.      This Court is the proper venue for this action pursuant to 28 U.S.C. §1391(b).

## PARTIES

7.      Plaintiffs are or were, at all relevant times, employees of the Town within the meaning of the FLSA §203(c).

8.      Each Plaintiff has consented to become a member of this action pursuant to 29 U.S.C. §216(b).

9.      Defendant Town of East Greenwich, Rhode Island is a municipal corporation organized under a Home Rule Charter enacted by the Rhode Island General Assembly and was, at all relevant times, Plaintiffs' employer within the meaning of 29 U.S.C. §203(d).

## FACTUAL BACKGROUND

10.     In or about March 2016, the East Greenwich Firefighters Union, Local 3328 ("the Union") negotiated a collective bargaining agreement ("CBA") with the Town of East Greenwich on behalf of all permanent employees of the East Greenwich Fire Department ("the Department") except the Chief and Deputy Chief.

11.     The CBA covers terms and conditions of employment for the period beginning July 1, 2016 through and including June 30, 2019.

12.     The Union and Town were also parties to a collective bargaining agreement governing the period January 1, 2013 through June 30, 2016 which contains substantially similar language as the CBA provision cited herein.

13.     Plaintiffs' employment was, at all relevant times, subject the CBA.

14.     Pursuant to Section 6 of the CBA, Plaintiffs' duties and responsibilities include "the prevention, control and extinguishment of fires within the Fire Department,… Emergency

Medical Services, …routine preventative maintenance and inspections of emergency apparatus"
and "such other and further legitimate duties as prescribed by the Chief of the Department."

15.     Section 26-1 of the CBA sets employees' hourly rate of pay during their regularly
scheduled shifts.

16.     In addition to the duties contained in Section 6 of the CBA, Plaintiffs perform
"collateral duties" for the Town of East Greenwich Fire Department ("the Department").

17.     Pursuant to Section 3 of the CBA, "collateral duties" are:

Any duties performed by any employee other than normally assigned duties, other
than during his/her normally scheduled work period.  Examples of collateral
duties include Training, Communications Division, Fire Prevention Bureau
assistance, EMS Coordinator, Safety Officer, Haz-Mat Officer and Health and
Wellness Coordinator.

18.     Section 7-1 of both CBA provides,

[e]mployees who perform collateral duties for the Department shall be considered
to be on duty, in the employ of the Department and shall be subject to the same
rights, benefits and other aspects of this agreement as well as any statutes relating
to employment as he would if he were on duty working his normally assigned
shift.

19.     Plaintiffs that perform collateral duties are acting in the same capacity in which
they act during their regularly scheduled shift.

20.      Plaintiffs' performance of collateral duties are neither occasional nor sporadic.

21.     Section 7-2 of the CBA sets the hourly rate of pay for employees performing
collateral duties.  "This compensation shall be paid to the employee on the payday which reflects
the pay period in which the duties were actually performed."

22.     Section 7-3 of the CBA establishes the position and pay rate for the Collateral
Duty Supervisor.  "The Chief shall maintain a list of collateral duties eligible for supervisory
positions and select each supervisor annually… Examples of positions the Chief many maintain

include the following: Emergency Management Services Coordinator, Training Officer, Safety Officer, Dive Team Leader and Has-Mat Officer."

23.     Pursuant to Section 39 of the CBA, employees "who work beyond their normally assigned work schedule shall be compensated at one and one-half (1-1/2) times the employee's rate of pay for the hours or any part thereof worked, **except for collateral pay**." (Emphasis added).

24.     In addition to the duties contained in Sections 6 and 7 of the CBA, Plaintiffs regularly perform dispatch services for the Department.

25.     Section 64 of the CBA provides that Firefighter's/EMTs shall be eligible to perform dispatching services "occasionally or sporadically" as a Collateral Duty and receive compensation at a specific hourly rate.

26.     Plaintiffs that perform dispatching services are acting in the same capacity in which they act during their regularly scheduled shift.

27.      Plaintiffs' performance of dispatching services are neither occasional nor sporadic.

28.     During the period March 23, 2015 to the present, Plaintiffs regularly performed collateral and dispatching duties for the Department.

29.     When Plaintiffs performed collateral duties and dispatch services, as aforesaid, they worked in excess of forty hours per week for the Town.

30.     The Town failed to compensate Plaintiffs at the rate of time-and-one-half their regular rate for work performed in excess of forty hours per week for the Town.

31.     When Plaintiffs performed collateral duties and dispatch services, as aforesaid, they worked in excess of fifty-three hours per week for the Town.

32.     The Town failed to compensate Plaintiffs at the rate of time-and-one-half their regular rate for work performed in excess of fifty-three hours per week for the Town.

33.     When Plaintiffs performed collateral duties and dispatch services, as aforesaid, they exceeded two-hundred and twelve hours of work per twenty-eight day period for the Town.

34.     The Town failed to compensate Plaintiffs at the rate of time-and-one-half their regular rate for work performed in excess of two-hundred and twelve hours of work per twenty-eight day period for the Town.

35.     Plaintiffs are entitled to receive longevity pay under Section 28 of the CBAs.

36.     The longevity pay described in paragraph 35 was, upon information and belief, paid to Plaintiffs but was erroneously not included, or not properly included, in the calculation of their regular rate of pay under 29 C.F.R Part 778.

37.     Defendant was aware of its obligations under the FLSA to pay Plaintiffs overtime, as aforesaid, at the time it negotiated both CBAs with the Union.

38.     Defendant purposefully added the language "occasionally and sporadically" to the Section 64 of the CBA in an attempt to avoid its obligations under the FLSA.

39.      Defendant has violated and continues to violate the FLSA by failing and refusing in a willful and intentional manner to pay Plaintiffs all overtime compensation due them under the FLSA and its implementing regulations.

WHEREFORE, Plaintiffs respectfully request that this Court:

a.       Enter declaratory judgment that Defendant has willfully and intentionally violated its statutory obligations and deprived Plaintiffs of their entitlement under the law, as alleged herein;

b.       Order Defendant, under the supervision of Plaintiffs' counsel or their designated agents or representatives, to make a complete and accurate accounting of all FLSA time and corresponding payment due to each Plaintiff for hours worked since March 23, 2015;

c.      Enter judgment under FLSA Section 216 against Defendant for all sums
        found due each Plaintiff;

d.      Award each Plaintiff monetary liquidated damages equal to their unpaid FLSA
        compensation, plus interest;

e.      Award Plaintiffs their reasonable attorney's fees and costs of this action to be paid
        by Defendant; and

f.      Grant such other and further relief as the court deems just and proper.

## <u>**JURY TRIAL DEMAND**</u>

Plaintiffs pray trial by jury on all issues triable by right to a jury.

Plaintiffs,
By their attorney,

/s/   Elizabeth Wiens
Elizabeth Wiens, Esq. (#6827)
Gursky | Wiens Attorneys at Law, Ltd.
1130 Ten Rod Rd., Ste C207
North Kingstown, RI 02852
Tele: (401) 294-4700
Fax:  (401) 294-4702
ewiens@rilaborlaw.com